BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
DAVID A. CARRASCO
Supervising Deputy Attorney General
BARBARA A. MORRIS, State Bar No. 137680
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-3870
 Fax: (916) 324-5205

Attorneys for Defendants Alameida, Dolezal,
Fishback, Gransee, Hernandez, Martinez, Mekkam,
Mitchell, Oddie, Steinberg, Suryadevara, Wajda,
Wasserman, Welch, White, Wilson and Woodford
SA2005301234

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **ESTATE OF LATRICIA YOLANDA LILLY; DEBRA LUCK** on her own behalf and as guardian ad litem for **JEREMY LILLY and JOSHUA LILLY,**<br><br>Plaintiffs,<br><br>v.<br><br>**ED ALAMEIDA, JR., et al.,**<br><br>Defendants. | CASE NO. 1:05-cv-01062-AWI-SMS<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INVESTIGATIVE REPORT AND ORDER** |

IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:

**A.  CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

During the course of discovery, Plaintiffs requested investigative reports pertaining to the death of Latrisha Yolanda Lilly, who died while in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Some Defendants were aware that CDCR's Internal

Affairs Division had conducted an investigation pertaining to the death of Inmate Lilly, the result of which was an investigative report (the Confidential Material).

The Confidential Material includes confidential interviews with inmates and staff. All Confidential Material is considered to be "official information" within the meaning of California Evidence Code sections 1043 and 1045 and Penal Code section sections 832.7 and 832.8. In addition, the Confidential <aterial is subject to a qualified privilege as official information under federal common law.

The investigative report of the use-of-force incident includes summaries of interviews with inmates and staff. As are countless other investigative reports by CDCR's Internal Affairs Division, the investigative report was prepared on the basis of, among other things, interviews with custodial staff with the understanding that statements made in the course of the interviews would remain confidential. The disclosure of the investigative report without a protective order would undermine CDCR's ability to assure its employees that their statements will be maintained in confidence. The likely result of unprotected disclosure of the report is that CDCR employees, whether subjects of investigations or witnesses to incidents being investigated, will be unwilling or less willing to cooperate with investigators. Accordingly, a protective order is warranted for the report.

**B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

Because of its possible relevance to this action, however, CDCR will produce the Confidential Material without requiring Plaintiffs to move to compel, subject to this protective order and objections asserted in their response to Plaintiff's request for documents, on the following conditions:

1. The social security numbers and any other confidential personal information of the CDCR employees who are the subject of the confidential material shall be redacted.

2. The confidential material may be disclosed only to the following persons:

   (a) Counsel of record for Plaintiffs in this action;

   (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiffs;

    (c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

    (d) Any outside expert or consultant retained by Plaintiffs' counsel for purposes of this action;

    (e) Witnesses to whom the confidential material may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the confidential material, and shall be informed and agree to be bound by the terms of this order;

  3. Plaintiffs' counsel and their legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

  4. Each person to whom disclosure of the confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such materials a copy of this stipulation and protective order, and shall agree in writing that he or she has read the stipulation and protective order, and understands its provisions and conditions. The writing shall include the express consent of the person to whom the disclosure is made to be subject to the jurisdiction of this Court with respect to any proceeding related to enforcement of this stipulated protective order, including without limitation, any proceeding for contempt.

  5. All confidential material in possession of Plaintiffs' counsel shall be destroyed or returned to CDCR within 20 days of the time it is no longer needed for purposes of this litigation.

  6. When Plaintiffs' counsel returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed.

  7. All confidential material obtained by Plaintiffs' counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

  8. Any Confidential Material filed with the Court by either party shall be filed and maintained under seal.

///

1     9. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

    10. The provisions of this protective order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b) To apply to the Court for an order removing the confidential material designation from any documents;

    (c) To object to a discovery request.

    10. The provisions of this order shall remain in full force and effect until further order of this Court.

**IT IS SO STIPULATED**.

(*original signatures retained by attorney Barbara A. Morris*)

Dated: ~~June~~ July 14, 2006      /s/ Barbara A. Morris
BARBARA A. MORRIS
Attorney for Defendants

Dated: ~~June~~ July 26, 2006      /s/ C. Campbell
CATHERINE CAMPBELL

Dated: ~~June~~ July 26, 2006      /s/ Carolyn D. Phillips
CAROLYN D. PHILLIPS

Dated: ~~June~~ July 26, 2006      /s/ Robert Navarra
ROBERT NAVARRO

Attorneys for Plaintiffs

IT IS SO ORDERED.

**Dated: July 18, 2006**      /s/ Sandra M. Snyder
icido3      UNITED STATES MAGISTRATE JUDGE