EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Senior Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
DAVID A. CARRASCO
Supervising Deputy Attorney General
JAMES E. FLYNN, State Bar No. 61139
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 323-1976
 Fax:  (916) 324-5205
 Email:  James.Flynn@doj.ca.gov

Attorneys for Defendants Alameida, Dolezal,
Fishback, Gransee, Hernandez, Martinez, Mekkam,
Mitchell, Oddie, Steinberg, Suryadevara, Wajda,
Wasserman, Welch, White, Wilson and Woodford

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **ESTATE OF LATRISHA YOLANDA LILLY; DEBRA LUCK on her own behalf and as guardian ad litem for JEREMY LILLY and JOSHUA LILLY,**<br><br>                                            Plaintiffs,<br><br>      v.<br><br>**ED ALAMEIDA, JR., et al.,**<br><br>                                            Defendants. | No. 1:05-cv-01062-LJO-SMS<br><br>**STIPULATION FOR MODIFICATION OF PROTECTIVE ORDER**;<br><br>and<br><br>**ORDER** |

The parties stipulate that the protective orders filed August 2 and 22, 2006, may be

modified as follows:

/ / /

/ / /

*Stipulation for Modification of Protective Order*

1

**A.  CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

During the course of discovery, Plaintiffs requested (1) a suicide report by Dr. Marian Chiurazzi regarding the death of Latrisha Yolanda Lilly, and related documents, (2) a criminal investigation report into Ms. Lilly's death by Special Agent Robert Bryan, and related documents and tape recordings; (3) an investigation by the Internal Affairs Division of the California Department of Corrections and Rehabilitation into the time taken to provide medical assistance to Ms. Lilly on July 1, 2004; and (4) documents and information containing individually identifiable health information regarding prisoners who are not parties to this action.

Defendants objected to production on the ground that the documents and information sought were privileged from disclosure under the self-critical analysis privilege, Coleman protective order, and law governing the release of protected health information.  Plaintiff contends that the documents and information sought is not privileged and contains information that is reasonably calculated to lead to the discovery of admissible evidence regarding the claims at issue.  The parties agree that this discovery dispute can be resolved through a protective order governing the conditions under which the confidential documents and information will be disclosed in discovery.

**B.  CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

1. The social security numbers, birth dates, home addresses and telephone numbers, and any other confidential personal information of persons who are individually identified in the documents shall be redacted.

2. The confidential material may be disclosed only to the following persons:

   (a) Counsel of record for Plaintiffs in this action;

   (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiffs;

   (c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

   (d) Any outside expert or consultant retained by Plaintiffs' counsel for purposes of this action; and

(e)  Witnesses to whom the confidential material may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the confidential material, and shall be informed and agree to be bound by the terms of this order.

3.  Plaintiffs' counsel and their legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

4.  Each person to whom disclosure of the confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such materials a copy of this stipulation and protective order, and shall agree in writing that he or she has read the stipulation and protective order, and understands its provisions and conditions. The writing shall include the express consent of the person to whom the disclosure is made to be subject to the jurisdiction of this Court with respect to any proceeding related to enforcement of this stipulated protective order, including without limitation, any proceeding for contempt.

5.  All confidential material in possession of Plaintiffs' counsel shall be destroyed or returned to CDCR within 20 days of the time it is no longer needed for purposes of this litigation.

6.  When Plaintiffs' counsel returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed.

7.  All confidential material obtained by Plaintiffs' counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

8.  Any confidential material filed with the Court by either party shall be filed and maintained under seal.

9.  Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

/ / /

/ / /

10. The provisions of this protective order are without prejudice to the right of any party:

    (a)  To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b)  To apply to the Court for an order removing the confidential material designation from any documents; and

    (c)  To object to a discovery request.

11. The provisions of this order shall remain in full force and effect until further order of this Court.

*(original signatures retained by attorney James E. Flynn, A.G. Office)*

Dated: March  8 , 2007      /s/ James E. Flynn
    JAMES E. FLYNN
    Attorney for Defendants

Dated: March 14 , 2007      /s/ Catherine Campbell
    CATHERINE CAMPBELL
    Attorney for Plaintiffs

Dated: March ___, 2007      /s/ Carolyn D. Phillips
    CAROLYN D. PHILLIPS
    Attorney for Plaintiffs

Dated: March 14 , 2007      /s/ Robert Navarro
    ROBERT NAVARRO
    Attorney for Plaintiffs

IT IS SO ORDERED.

**Dated:   March 27, 2007**      /s/ Sandra M. Snyder
icido3      UNITED STATES MAGISTRATE JUDGE